IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:22-cr-00190-LMB |
| | : | |
| COLBY KOPP, | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, COLBY KOPP, comes now and submits the following:

**I.     Objections to Presentence Report**

**Role in the Offense**

Section 3B1.1 provides for 2-, 3-, and 4-level increases to the offense level, depending on the defendant's aggravating role in the offense, as follows:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

The government bears the burden of proving by a preponderance of the evidence that the defendant should receive an aggravating role adjustment. The Sentencing Commission has indicated that a court should consider seven factors in determining a defendant's "leadership and organizational role." U.S.S.G. § 3B1.1, cmt. n. 4. These include: "[1] the exercise of decision making authority, [2] the nature of participation in the commission of the offense, [3] the recruitment of accomplices, [4] the claimed right to a larger share of the fruits of the crime, [5]

1

the degree of participation in planning or organizing the offense, [6] the nature and scope of the illegal activity, and [7] the degree of control and authority exercised over others." *Id.*

Mr. Kopp objects to the role in the offense enhancement. The conspiracy for which Mr. Kopp entered a guilty plea involved several other conspirators. Not unusual, the various conspirators played different roles. At the time of this writing, not all have been charged. Mr. Kopp played a role in the acquisition and distribution of the drugs. He also played a role in operating financial accounts designed to receive and distribute the profits from the conspiracy. While this certainly makes Mr. Kopp a member of the conspiracy it does not satisfy the manager, leader, or organizer role in the offense enhancement pursuant to U.S.G.G. 3B1.1.

Notably, the Statement of Facts filed in conjunction with the plea agreement entered into by the parties make no reference to Mr. Kopp playing a "managerial" or supervisory role. As noted above, the agreed Statement of Facts details Mr. Kopp's role in acquiring the drugs for distribution. It makes no mention of Mr. Kopp exercising "decision making authority." There is certainly no evidence that Mr. Kopp recruited others or derived a disproportionate amount of the proceeds from the criminal activity.

Simply because his role may have been different or more substantial than another participants is not a sufficient basis to apply the aggravated role enhancement.

<u>Safety Valve</u>

At the time of this writing Mr. Kopp has not satisfied the criteria for the application of U.S.S.G 5C1.3. The parties anticipate that Mr. Kopp will satisfy the criteria in total on or soon after April 14, 2023. In anticipation of Mr. Kopp being deemed eligible the defendant intends to request a sentence below the otherwise statutory mandatory minimum.

## II.     Sentencing Factors

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A 3553(a)(4)(Supp. 2004), but is permitted to tailor the sentence in light of other statutory concerns as well.  Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B)  to afford adequate deterrence to criminal conduct;
>   (C)  to protect the public from further crimes of the defendant; and
>   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  the kinds of sentence and the sentencing range established for—
>   (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
>   (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
> (5)  any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
> (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7)  the need to provide restitution to any victims of the offense.

The Supreme Court has described the process for imposing a sentence under the advisory sentencing guidelines as follows:

3

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall v. United States,* 128 S.Ct. 586, 596-97 (2007)(citations and footnote omitted; *see also Kimbrough v. United States*, 128 S.Ct. 558, 569-70 (2007).

### A. Advisory Sentencing Guidelines

This Honorable Court must consider the advisory sentencing guidelines. Further, the district court must provide some individualized assessment "justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010). Under the law of this circuit a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017); *Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal citation and quotation marks omitted).

An individualized assessment requires "that district courts consider the defendant's non-frivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen." *Id.* A "'sentencing judge should set forth enough to satisfy the appellate court that he has considered the

4

parties' arguments and has a reasoned basis for exercising his own legal decision-making authority'" by articulating how the sentencing factors apply to the case before it. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Rita*, 551 U.S. at 356).

For the reasons detailed below, the defendant submits a sentence within the advisory guideline range would result in a sentence which is greater than necessary. Such a sentence would ignore the defendant's "non-frivolous" arguments for a sentence below the advisory range. The defendant submits a sentence of 48 months of incarceration would satisfy the legitimate sentencing goals of § 3553(a).

**B. § 3553(a) Sentencing Factors**

In addition to considering the advisory sentencing range recommended under the federal sentencing guidelines, and statutory restrictions this Honorable Court must also consider the sentencing factors set forth in § 3553(a). The defendant submits an application of these factors to the case at bar leads to the conclusion that a sentence within the advisory guideline range would be far greater than necessary. Further considering the defendant's history and characteristics, the nature and circumstances of the offense, and need to avoid unwarranted disparities a sentence of 48 months would be appropriate.

**1. History and Characteristics of The Defendant**

Mr. Colby Kopp is a 24-year-old unmarried male. He currently resides in Connecticut. He is a high school graduate who has some college experience. There is nothing in his history that would suggests he is a violent person. The instant offense represents his first criminal conviction. The presentence report contains some information bearing on an undiagnosed mental health condition and there appears he has a history with using controlled substances. Beyond a limited

5

encounter at the age of 14 he has not received the benefit of any mental health counselling. Mr. Kopp is a criminal history category I.

Based on his history and characteristics there is nothing that would suggests he is a violent person. Likewise, there is nothing in his history that would suggests he would not be amendable to post release supervision. In fact, Mr. Kopp has been afforded the ability to remain in the community during the duration of the instant matter. His pretrial supervision has been without incident. During his pretrial release Mr. Kopp has remained drug free and gainfully employed. There is simply nothing about his history which would dictate a lengthy period of incarceration is necessary.

**2. Nature and Circumstances of the Offense**

The nature and circumstances of the offense for which Mr. Kopp has entered a guilty plea are very familiar to this Honorable Court. It is well documented in the presentence investigative report. Essentially, Mr. Kopp along with others operated an illegal scheme to distribute controlled substances over the "dark web." The offense did not involve the possession or use of firearms. Mr. Kopp and other shared the profits. As detailed above, Mr. Kopp assisted with the acquisition and distribution of the controlled substances. Others did the same. He further participated by opening financial accounts for the purpose of receiving and distributing the proceeds from the sales. This also did not distinguish him from other participants.

Certainly, the distribution of controlled substances is a serious offense. Drugs are a plague on our society and efforts to eradicate the illegal distribution of them must be employed. While Mr. Kopp unfortunately became involved in this offense, so did others. The harm his involvement caused is no greater than other participants.

3. **Need to Deter**

A sentence of 48 months would serve as a significant deterrence to both the defendant and others that would commit similar offenses. It would incapacitate this defendant and prevent him from repeating the conducting which brings him before the Court.

The defendant submits there is no legitimate reason to believe a greater period of incarceration than 48 months would provide any further deterrence to him. The defendant fully appreciates the consequences of his criminal conduct. Most importantly, he understands his criminal conduct exposed him to the possibility of a very lengthy period of incarceration. There is no evidence to support the need to impose a lengthy period of incarceration to deter him further.

4. Need to Avoid Unwarranted Disparities

18 U.S.C. § 3553(a) (6), in clear and express terms, that courts, "in determining the particular sentence to be imposed, *shall consider* . . . the need to avoid unwarranted disparities among defendants." 18 U.S.C. § 3553(a) (6) (emphasis added). That mandatory language has prompted the Supreme Court to hold that "[t]he Act *requires* judges to consider" the § 3553(a) factors, including "the need to avoid unwarranted sentencing disparities." *Booker*, 543 U.S. at 259–60 (emphasis added) (internal quotation marks omitted); *see also Kimbrough v. United States*, 552 U.S. 85, 108 (2007) ("Section 3553(a)(6) *directs* district courts to consider the need to avoid unwarranted disparities." (emphasis added)).

In the instant case, the lone co-conspirator other than Mr. Kopp to be held criminal liable received a sentence of 12 months and 1 day. Like Mr. Kopp, Ms. Sutton played a role in the acquisition and distribution of the controlled substances. Like Mr. Kopp she also played a role in the withdrawal of profits from the illegal activity from various financial accounts. She also

shared in the profits.  Both were drug abusers during their commission of the offense.  They are more similar than not.

Mr. Kopp's criminal history is category I.  While the undersigned is unfamiliar with the criminal history of Ms. Sutton upon information and belief her conviction in the instant matter was not a first.  Both Mr. Kopp and Ms. Sutton entered guilty pleas avoiding the unnecessary consumption of resources for both the government and this Honorable Court.

Notably, Ms. Sutton was held accountable for a lower weight of drugs in the conspiracy.  This is true notwithstanding that the higher amounts attributed to Mr. Kopp were equally foreseeable to her.  Upon information and belief, the status of the government's investigation at the time of her guilty plea warranted this distinction.  Nevertheless, it does not mitigate her actual conduct.  Nor does it adequately justify her more favorable treatment over Mr. Kopp.

Assuming arguendo that this Honorable Court determines some distinction is warranted, Mr. Kopp urges this Court to decline to impose a sentence within the advisory range as recommended by the government.  Doing so would result in Mr. Kopp receiving a sentence more than 10 times that imposed upon Mr. Sutton. There simply is no justification for doing so. It would be unfair and contrary to requirement to avoid such disparities.

**III.    Conclusion**

Wherefore, the defendant **COLBY KOPP** respectfully requests that this Honorable Court sentence him to a period of 48 months of incarceration.

Respectfully submitted,
COLBY KOPP
By Counsel

_____/s/_____
Robert L. Jenkins, Jr.
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, VA  22314
703 309 0899 Telephone
703 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant COLBY KOPP

### CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2023, I caused a true and accurate copy of the foregoing was not served on all counsel of record via ECF.

_____/s/_____
Robert L. Jenkins, Jr.
Bynum & Jenkins
1010 Cameron Street
Alexandria, VA  22314
703 309 0899 Telephone
703 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant COLBY KOPP